## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

TONY CORMIER (#278001)                                    CIVIL ACTION NO.

VERSUS                                                              17-1103-BAJ-EWD

DR. RAMAN SINGH, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 17, 2019.

 

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TONY CORMIER (#278001)**                                      **CIVIL ACTION NO.**

**VERSUS**                                                                      **17-1103-BAJ-EWD**

**DR. RAMAN SINGH, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Judgment on the Pleadings ("Motion")[1] filed by Defendant Ethicon, Inc. ("Ethicon"). For the following reasons, the undersigned recommends the Motion be denied.

### I.    Background

Plaintiff filed suit on February 25, 2016 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, alleging injuries arising from his September 3, 2014 hernia repair surgery – specifically, as related to the instant motion, alleging product liability claims under the Louisiana Products Liability Act ("LPLA") against Ethicon as the manufacturer of the hernia mesh used in the surgery.[2] The action was thereafter transferred to the Eighteenth Judicial District Court and ultimately removed to this Court on the basis of federal question and supplemental jurisdiction.[3]

Ethicon asserts that the matter should be dismissed because it is prescribed on its face. Specifically, Ethicon contends that the injury occurred on the date Plaintiff had the mesh manufactured by Ethicon surgically placed into Plaintiff's body, September 3, 2014, and that

---

[1] R. Doc. 43.
[2] R. Doc. 42-1.
[3] R. Docs. 1 & 42-1, p. 20.

because Plaintiff filed his Complaint more than one year after that date, his claims are prescribed. In opposition to the Motion to Dismiss, Plaintiff contends that the date of surgery is not *per se* the date of injury, and thus, his claims against Ethicon are not prescribed on the face of the Complaint.

**II.    Law & Analysis**

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."  Entry of judgment on the pleadings is proper if the material facts are not in dispute and the court can render judgment on the merits by looking to the substance of the pleadings and any judicially noticed facts.[4] The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).[5]

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires, "a short and plain statement of the claim showing that the pleader is entitled to relief."[6]  In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief.[7] "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[8]  In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim.[9]  Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6)

---

[4] *Linicomn v. Hill*, 902 F.3d 529, 533 (5th Cir. 2018).
[5] *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002)).
[6] Fed. R. Civ. P. 8(a)(2).
[7] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).
[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation omitted).
[9] *Twombly*, 550 U.S. at 557.

2

motion.[10] A defense based upon prescription may be raised through a motion for judgment on the pleadings.[11]

"There is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983. It is well established that federal courts borrow the forum state's general personal injury limitations period."[12] Under Louisiana law, the prescriptive period for delictual actions, such as the instant matter, is one year.[13] The one-year prescriptive period commences to run from the day injury or damage is sustained.[14] Damage is sustained within the meaning of Louisiana Civil Code article 3492 "only when it has manifested itself with sufficient certainty to support accrual of a cause of action."[15]

The Complaint at issue alleges that Plaintiff was implanted with Ethicon's product on September 3, 2014. As pointed out by Plaintiff, "[b]ecause the surgery happened on September 3, 2014, there is no reason for defendants to assume this date as the day of injury."[16] At some unknown point, Plaintiff began experiencing severe abdominal pain, which has continued to date. The Complaint does not provide any indication of when Plaintiff first experienced abdominal pain related to the surgery or when Plaintiff reasonably should have known that the pain was caused by a defect in the mesh manufactured by Ethicon. Thus, the Court cannot determine from the face of the Complaint when Plaintiff's injuries manifested and his cause of action accrued. The

---

[10] *Iqbal*, 556 U.S. at 678.
[11] *See, e.g., Midland Enterprises, Inc. v. Philadelphia Gear Corp.*, Civil Action 88-621, 1988 WL 130748 (E.D. La. Nov. 29, 1988); *Bercy v. State Farm fire and Casualty Insurance Company*, Civil Action 11-2251, 2011 WL 13205818 (E.D. La. Oct. 7, 2011).
[12] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). *See also, Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) ("Federal courts borrow state statutes of limitations to govern claims brought under section 1983."); *White v. Gusman*, 347 Fed. Appx. 66, 67 (5th Cir. 2009) (unpublished) ("The prescriptive period for a claim brought under § 1983 is provided by the law of the state in which the claim arose.").
[13] La. C.C. art. 3492. *Jenkins v. Bristol-Myers Squibb Co.*, 689 F. App'x. 793, 795 (5th Cir. 2017) (actions brought under the LPLA are subject to a one-year prescriptive period).
[14] La. C.C. art. 3492.
[15] *Carter v. Matrixx Initiatives, Inc.*, 391 F. App'x. 343, 345 (5th Cir. 2010).
[16] R. Doc. 57, p. 3.

3

prescriptive period commences on the same day the cause of action accrues, so the Court cannot find Plaintiff's claims facially prescribed, especially when those facts are viewed in the light most favorable to Plaintiff.[17]

Even if the Complaint alleged a date that abdominal pain began, the doctrine of *contra non valentem* would likely suspend the running of prescription. The doctrine of *contra non valentem* prevents the running of the prescriptive period when "the cause of action is not known or reasonably knowable by the plaintiff."[18] This doctrine is rooted in principles of equity and justice, which "demand suspension when the plaintiff is effectively prevented [from] enforcing his rights for reasons external to his own will."[19] However, this doctrine does not suspend prescription when the plaintiff is able to bring a claim but simply fails to do so.[20]

Because *contra non valentem* is a judicially created exception to the statutory rule of prescription, it is strictly construed, and its benefits are only extended up to the time that the plaintiff has actual or constructive knowledge of the tortious act. The Louisiana Supreme Court has recognized only four instances when *contra non valentem* suspends prescription, one of which is relevant to this matter.[21]

One instance in which *contra non valentem* suspends prescription is known as the "discovery rule." Under the discovery rule, prescription is suspended when the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by

---

[17] *See Pellegrin v. C.R. Bard*, 17-12473, 2018 WL 3046570, at *2 (E.D. La. June 20, 2018) (finding that a case was not prescribed on its face where a complaint alleged the date of surgery but did not provide an indication of when the pain arose but dismissing the case on other grounds).
[18] *Cole v. Celotex Corp.*, 620 So. 2d 1154, 1156 (La. 1993).
[19] *Terrebonne Parish School Bd. V. Mobil Oil Corp.*, 310 F.3d 870, 885 (5th Cir. 2002).
[20] *Id.*
[21] *Id.* at 884. The other three instances include when (1) "the debtor (defendant) himself has done some act effectually to prevent the plaintiff from availing himself of his cause of action; (2) "where there was some legal cause that prevented the courts from taking cognizance of or acting on the plaintiff's action;" and (3) "where there was some condition coupled with the contract or connected with the proceedings that prevented the creditor (plaintiff) from suing or acting." *Id.* at 884, n. 37.

the defendant.[22] Prescription will not commence at the earliest sign that "something [is] wrong . . . unless plaintiff knew or should have known by exercising reasonable diligence that there was a reasonable possibility that his problem may have been caused by defendant's conduct.[23] Thus, as long as a plaintiff acts reasonably to discover the cause of the problem, the prescriptive period will not begin to run until he has a reasonable basis to pursue a claim against a specific defendant.[24] The Supreme Court of Louisiana has clarified that courts should look to "the reasonableness of a plaintiff's action or inaction in light of his education, intelligence, and the nature of the defendant's conduct."[25]

The facts in the instant matter are similar to those in *Johnson v. LifeCell Corp.*[26] In *Johnson*, a mesh device was used to repair an incisional hernia. Approximately three months later, in March 2010, the plaintiff developed pain in her abdomen that was determined by doctors to be the result of abscesses and an infection, which doctors drained. Two months later, in May 2010, the plaintiff had surgery to remove the infection and mesh.[27] Though Plaintiff did not file suit until July 2012, the Eastern District found it was appropriate to apply the doctrine of *contra non valentem* to the case. The court opined that the plaintiff reasonably thought the post-operative infection was the source of her problems with the mesh, rather than the mesh itself having a defect. Accordingly, based upon the face of the pleadings, Plaintiff was entitled to avail herself of the doctrine of *contra non valentem* to avoid dismissal of her action at that stage of the proceedings.[28]

Plaintiff's Complaint provides no indication regarding when he knew or should have become aware of a defect in Ethicon's mesh. Accordingly, it is not facially apparent that Plaintiff's

---

[22] *Terrebonne Parish School Bd.*, 310 F.3d at 884, n. 37.
[23] *Jordan v. Employee Transfer Corp.*, 509 So. 2d 420, 423 (La. 1987).
[24] *Chevron USA, Inc. v. Aker Mar., Inc.*, 604 F.3d 888, 894 (5th Cir. 2010).
[25] *Griffin on behalf of Griffin v. Hess Corp.*, 715 F. App'x. 338, 342 (5th Cir. 2017).
[26] Civil Action 12-1996, 2012 WL 5473152, at *4 (E.D. La. Nov. 8, 2012).
[27] *Id.* at *1.
[28] *Id.* at *4.

5

claims are prescribed based solely on the date of the surgery to implant the mesh and Plaintiff's action should survive dismissal absent some other grounds.

In Ethicon's reply memorandum, they argue that Plaintiff has admitted his action is prescribed.[29] First, a judicial admission may only be made in a pleading. A pleading is defined by the Federal Rules of Civil Procedure as (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a cross claim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.[30] Notably, this definition of "pleading" excludes motions and memoranda.[31] The admission Ethicon alleges Plaintiff made was a statement made in his motion for voluntary dismissal and, thus, was not made in a pleading. Further, Plaintiff's statement constitutes a legal conclusion, not a fact that can be admitted.[32] Plaintiff's legal conclusion that his action was prescribed at the time he filed suit does not qualify as a judicial admission. Further, it appears that Plaintiff, who is a *pro se* litigant, may not understand the laws relevant to prescription and his claim. In Plaintiff's motion for voluntary dismissal, he states he should have filed suit on or before October 27, 2015.[33] It appears as though Plaintiff is using the date his administrative grievance was denied at the second step, October 27, 2014, as the date on which prescription accrued. However, this date has no relation to when prescription accrued with respect to Plaintiff's claims against Ethicon.[34] Accordingly, the argument that Plaintiff has admitted or conceded that his

---

[29] R. Doc. 60, p. 1.
[30] Fed. R. Civ. P. 7(b).
[31] *Williams v. State*, Civil Action 14-154, 2016 WL 754629 at *1 (M.D. La. Feb. 24, 2016) (noting that a judicial admission is a formal concession *in a pleading*, which does not include motions and memoranda).
[32] *Williams*, 2016 WL 754629 at *4 (a judicial admission has the effect of withdrawing a *fact* from contention but legal conclusions cannot be used as judicial or evidentiary admissions).
[33] R. Doc. 45, p. 2.
[34] It is also notable that the filing of an administrative grievance has no effect on prescription against Ethicon. The 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PRLA") provides "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The filing of an

6

claims are prescribed is without merit. Based on the foregoing, Ethicon's Motion to Dismiss should be denied.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion for Judgment on the Pleadings,[35] filed by defendant Ethicon, Inc., be **DENIED**.

**IT IS FURTHER RECOMMENDED** that this action be referred to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on June 17, 2019.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

administrative grievance suspends the running of the prescriptive period. *See* La. R.S. 15:1172(E) (providing that the limitations period for a prisoner's claim "shall be suspended upon the filing of [an administrative] ... grievance and shall continue to be suspended until the final agency decision is delivered"). Plaintiff's claims against Ethicon, however, are not governed by the PLRA because a threshold question to whether the PRLA is applicable to a claim is whether an administrative remedy is available to the plaintiff. *Carter v. Ranatza*, Civil Action 13-797, 2015 WL 1457523 at 6 (M.D. La. March 30, 2015). If the relevant administrative procedure lacks the authority to provide any relief or take any action in response to a complaint, there is no available remedy under the PLRA. *Id. citing Dillon v. Rogers*, 596 F.3d 260, 267 (5th Cir. 2010). Here, the administrative procedure cannot provide Plaintiff with any relief against Ethicon. Accordingly, the PLRA is inapplicable, and prescription is not suspended during the pendency of any filed administrative grievances.
[35] R. Doc. 43.