## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TONY CORMIER (#278001)**                                **CIVIL ACTION NO.**

**VERSUS**                                                **17-1103-BAJ-EWD**

**RAMAN SINGH, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 31, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TONY CORMIER (#278001)                                CIVIL ACTION NO.

VERSUS                                                 17-1103-BAJ-EWD

RAMAN SINGH, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss ("Motion")[1] pursuant to Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5), filed on behalf of defendants Raman Singh, Preety Singh and Jonathan Roundtree ("the Physician Defendants"). The Motion is opposed.[2] For the following reasons, it is recommended that the Motion be granted and that Tony Cormier's ("Plaintiff") claims against the Physician Defendants be dismissed for failure of Plaintiff to timely effect service. It is further recommended that Plaintiff's Motion for Leave to Amend,[3] which effectively dismisses his claims against Louisiana Health Care Systems, Secretary James LeBlanc ("LeBlanc"), Warden Timothy Hooper ("Hooper"), and the United States Food and Drug Administration ("FDA") be granted, and that those parties be terminated as defendants. Finally, should this recommendation be adopted, it is recommended that this matter be remanded to state court, as all claims over which this Court had original jurisdiction will be dismissed.

**I.    Background**

Plaintiff, who is confined at the Elayn Hunt Correctional Center, originally filed this proceeding at the 18th Judicial District Court for the Parish of Iberville, State of Louisiana against

---

[1] R. Doc. 86.
[2] R. Doc. 90.
[3] R. Doc. 80. In Plaintiff's response to this Court's Order to Show Cause, Plaintiff requests that LeBlanc, Hooper, Louisiana Health Care Systems, and the FDA be dismissed.

the Physician Defendants and Ethicon, Inc. ("Ethicon"), a Johnson & Johnson subsidiary.[4] On October 13, 2017, Ethicon, Inc. ("Ethicon"), a defendant in the action, removed the matter to this Court on the basis of federal question jurisdiction over Plaintiff's claims against the Physician Defendants under 42 U.S.C. § 1983 and supplemental jurisdiction over Plaintiff's state law claims against Ethicon.[5] The Physician Defendants consented to removal.[6] In later amendments, Plaintiff added Louisiana Health Care Systems, LeBlanc, Hooper, Johnson & Johnson,[7] and the FDA as defendants, and clarified the nature of his Eighth amendment constitutional claims and his state law claims of negligence and/or product liability and failure to warn asserted against the defendants.[8]

## II. Law & Analysis

### A. Plaintiff's Amendment to Dismiss Louisiana Health Care Systems, LeBlanc, Hooper, and the FDA Should Be Granted

In Plaintiff's Response to the Order to Show Cause, he requests that Louisiana Health Care Systems, LeBlanc, Hooper, and the FDA be dismissed.[9] The Court construes this as a Motion to Amend brought pursuant to Federal Rule of Civil Procedure 15.[10] Pursuant to Rule 15(a)(2), courts should freely give leave when justice so requires. Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for

---

[4] R. Doc. 1-1. Johnson & Johnson was listed in the caption of the original petition filed in state court, but it was unclear whether Plaintiff meant for Johnson & Johnson to be a defendant. Plaintiff later amended to clearly express his intent to name Johnson & Johnson as a defendant in this suit. *See* R. Docs. 1-1, pp. 1 & 9; 1-2; 7, p. 3.
[5] R. Doc. 1, pp. 3-4.
[6] R. Docs. 2, 3, & 4.
[7] Again, it is unclear whether Johnson & Johnson was a defendant in the original petition.
[8] R. Doc. 7 & 8.
[9] R. Doc. 80.
[10] Though these Defendants have not filed an answer or motion for summary judgment, Plaintiff's pleading may not be treated as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) because that Rule is intended for the dismissal of the entire action, not discrete claims or parties within the action. *See Blackmon v. Bracken Construction Company*, Civil Action No. 18-142, 2019 WL 1519306 (M.D. La. April 8, 2019). Thus, Plaintiff's request for dismissal of these parties is appropriately analyzed under Federal Rule of Civil Procedure 15. *Id.*

2

leave to amend."[11]  In determining whether to grant leave, a court may consider several factors, including, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment…."[12]  Leave to amend these defendants is appropriate.  As the amendment seeks dismissal of claims, it will not cause delay, nor is Plaintiff is acting in bad faith.  Accordingly, it is recommended that Plaintiff be granted leave to amend to dismiss his claims against Louisiana Health Care Systems, James LeBlanc, Timothy Hooper, and the United States Food and Drug Administration.

### B. The Physician Defendants' Motion to Dismiss for Failure to Serve Should be Granted

Based upon a previous review of the record, this Court determined that it appeared as though the Physician Defendants had either been served or had waived service based on the fact that the Defendants were aware of the suit and had consented to removal.[13]  The Physician Defendants have now filed the instant Motion arguing that they have not been served and that they did not waive service.  Plaintiff has not argued that the Physician Defendants were served in any motion, response, or pleading.[14]

Plaintiff filed this suit on February 25, 2016 in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.[15]  On March 7, 2016, the suit was transferred to

---

[11] *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted).
[12] *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).
[13] R. Docs. 77, 2, 3, & 4.  Further, in Ethicon's notice of removal, Ethicon stated, regarding the Physician Defendants, "all defendants who have been properly joined and served in this action consent to the removal of this action to this court." (R. Doc. 1, p. 3).  Though no documents supporting service were attached.
[14] Rather, in Plaintiff's response to the Order to Show Cause, he has stated that counsel for the Physician Defendants "appeared," not that the Physician Defendants were served or waived service. (R. Doc. 80).  Further, in the entire state court record, there is no evidence that service was made. (R. Doc. 42-1).  Based upon Plaintiff's opposition, he appears to also be under the impression that this Court was to serve process, but Plaintiff is mistaken.  Plaintiff is not proceeding as a pauper in this action, so he is not entitled to the benefits of service of process by officers of the Court as provided for in 28 U.S.C. § 1915(d).  (*See* R. Doc. 1 – the filing fee was paid in full by Ethicon upon removal).
[15] R. Doc. 42-1, pp. 4 & 10.

3

the Eighteenth Judicial District Court.[16]  The action was then removed to this Court by Ethicon on October 13, 2017.[17]  Thus, Plaintiff had until January 12, 2018 to effect service upon the Physician Defendants.[18]  The is no service information in the record as to the Physician Defendants, and Plaintiff has failed to come forth with evidence or to even allege that service was effected.[19]  Rather, it appears Plaintiff is under the impression that merely mailing a copy of the Complaint to counsel for Defendants is sufficient for service,[20] which is incorrect.  Pursuant to Federal Rule of Civil Procedure 4(c), service cannot be made by mail.  Rather, the Complaint must be served by an individual who is not a party or by a United States Marshal or someone specially appointed.[21]  Because Plaintiff failed to timely effect service and the Physician Defendants have moved for dismissal on this basis, Federal Rule of Civil Procedure 4(m) dictates that this Court "must dismiss the action without prejudice against that defendant…."  If, however, Plaintiff can show good cause for failing to serve, the Court must extend the time for service.[22]

As discussed above, Plaintiff has not argued that he had good cause for failing to serve the Physician Defendants.  To determine whether good cause exists, the Court looks at the actions of the plaintiff during the relevant time period.[23]  Here, for over two years, despite the fact that the Physician Defendants did not appear in this action, Plaintiff has, until recently, failed to take any

---

[16] R. Doc. 42-1, p. 20.
[17] R. Doc. 1.
[18] Federal Rule of Civil Procedure 4(m) provides that service must be made within 90 days of the filing of the Complaint; however, when a case is removed from state court, the time begins to run on the date of removal. *See Gill v. Jacobs Engineering Group, Inc.*, No. 08-647, 2011 WL 3796751, at *3 (M.D. La. Aug. 26, 2011) *citing* 4B Wright & Miller, Federal Practice and Procedure § 1137, at 341 (3d ed. 2000).  Although Rule 4(m) previously provided 120 days for service; this time period has been shorted to 90 days.
[19] To prove that service was made, the Plaintiff must come forth with the affidavit of the server, unless a United States Marshal or deputy marshal made service or a return demonstrating service was made in the state court proceeding prior to removal.  Federal Rule of Civil Procedure 4(l).
[20] R. Doc. 90, p. 2.
[21] Fed. R. Civ. P. 4(c).
[22] *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).
[23] *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304 (5th Cir. 1985) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)).

action against them.  Only after the Court issued a Show Cause Order[24] because the Physician Defendants had not appeared in the case, and after the Physician Defendants filed this Motion to Dismiss based on lack of service, did Plaintiff finally seek a clerk's entry of default.[25]  Plaintiff's request was denied because there was no evidence in the record that the Physician Defendants had been served.[26]

Even if Plaintiff were to argue that he was unaware that the Physician Defendants were not served or that he was mistaken and thought the Physician Defendants had been served, he fairs no better.  "To establish good cause [for failure to serve], a litigant must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."[27]  Therefore, the fact that Plaintiff may not have known that the Physician Defendants had not waived service by consenting to removal does not establish good cause for failing to serve.[28]  Similarly, to the extent Plaintiff thought that service could be effected via mail, that is a mistake of the rules, which is insufficient to show good cause.[29]  Finally, the Physician Defendants filed this Motion on January 28, 2020 and the Clerk refused to enter default on the basis that there was no proof of service in the record on February 24, 2020,[30] yet Plaintiff has still not taken any action to attempt to remedy this defect.

As Plaintiff has not presented evidence that the Physician Defendants were served nor put forth any basis for a finding of good cause for failure to serve, it is recommended that the Physician

---

[24] R. Doc. 77.
[25] R. Doc. 87.
[26] R. Doc. 88.
[27] *Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011 (5th Cir. 1990).
[28] *See LaPoint v. Amtrak*, 2013 WL 210185, at *2 (W.D. La. Jan. 17, 2013) (simply consenting to removal does not waive the service requirements; even if a defendant removes an action on his own, that does not waive the service requirements).
[29] *Washington v. E. Baton Rouge Par. Sch. Sys.*, 471 F. App'x 306 (5th Cir. 2012) ("While we read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules.")
[30] R. Doc. 88.

5

Defendants' Motion[31] be granted and that the Physician Defendants be dismissed from this action for failure of Plaintiff to timely effect service pursuant to Federal Rule of Civil Procedure 4(m).

### C. This Matter Should be Remanded to the 18th Judicial District Court, State of Louisiana

If the above recommendations are adopted, federal subject matter jurisdiction will cease to exist, and this matter should be remanded to state court. Jurisdiction in this case was premised on 28 U.S.C. §§ 1331, 1343(a), and 1441(a) because Plaintiff's action against the Physician Defendants was rooted in 28 U.S.C. § 1983.[32] Ethicon premised jurisdiction over the claims against it on supplemental jurisdiction under 28 U.S.C. § 1367(a).[33] If the recommendation is adopted to dismiss the Physician Defendants and to grant Plaintiff's proposed amendment to dismiss his claims against the other state actors: LeBlanc, Hooper, and Louisiana Health Care Systems, the only remaining defendants would be Ethicon and Johnson & Johnson, who are not state actors.[34] At that point, the Court would no longer have federal question jurisdiction and no party has argued that this Court should have subject matter jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332, nor is there sufficient information in the record at this point to make that determination.[35]

---

[31] R. Doc. 86.

[32] R. Doc. 1, pp. 1-2 ("The United States District Court for the Middle District of Louisiana has original subject-matter jurisdiction over this civil action under 28 U.S.C. §§ 1331, 1343(a), and 1441(a) because Plaintiff's § 1983 claims against Drs. Raman Singh, Preety Singh, and Jonathan Roundtree arise under the Constitution and laws of the United States and because Plaintiff's claims against Ethicon form part of the same case or controversy under Article III of the United States Constitution.")

[33] R. Doc. 1, p. 2.

[34] Liability against Ethicon and Johnson & Johnson is premised solely on the Louisiana Products Liability Act contained in La. R.S. § 9:2800.52, *et. seq.*

[35] The Notice of Removal alleges that Plaintiff is a citizen of Louisiana and Ethicon is a citizen of New Jersey. R. Doc. 1, ¶¶ 4 & 5. The citizenship of Johnson & Johnson has not been adequately established. Further, for diversity jurisdiction, Ethicon would have the burden of establishing that the damages are likely to exceed $75,000. Although Plaintiff demands $250,000 in his Petition (R. Doc. 1-1, p. 11), that demand was as to all defendants. Additionally, while courts often will accept what appears to be a good faith allegation of the jurisdictional amount, they are not obliged to do so. *See, e.g.*, *Thompson v. Dotson*, No. 17-785, 2017 WL 769910, at *4 (E.D. Mo. Feb. 28, 2017) (court found that complaint did not establish amount in controversy where, although prison plaintiff sought one million

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[36] "A federal Court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case."[37] Further, a "federal court may raise subject matter jurisdiction *sua sponte*."[38] 28 U.S.C. § 1367(a) provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The statute further provides "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction."[39] Because it is recommended that all claims over which this Court had original jurisdiction be dismissed, it is further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining claims against Ethicon and Johnson & Johnson[40] and remand the matter to the 18th Judicial District Court, Parish of Iberville, State of

---

dollars in damages, his complaint only alleged vague claims of reputational damage). Thus, any attempt to establish diversity jurisdiction should include an analysis of cases involving awards to prisoners for similar claims.

[36] *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[37] *Abdalmatiyn v. Harrison*, 2013 WL 12126287, at *1 (N.D. Tex. May 24, 2013).
[38] *McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 (5th Cir. 2005).
[39] 28 U.S.C. § 1367(c)(3).
[40] In the Order to Show Cause issued by this Court, the undersigned directed Plaintiff to show cause as to why his claims against Johnson & Johnson should not be dismissed for failure to prosecute. (R. Doc. 77). It is unclear whether Plaintiff intended to name Johnson & Johnson in his original Complaint filed in state court, but considering the waiver of service that was executed, which included Johnson & Johnson, it appeared as though Johnson & Johnson may have already been a party to the suit. Plaintiff definitively expressed his intention to have Johnson & Johnson as a party in a later amendment. (R. Doc. 7). Ethicon argues that Johnson & Johnson was not a party at the time the waiver was executed, and thus, could not have waived service. (R. Doc. 79). Considering the recommendation to remand Plaintiff's claims against Johnson & Johnson to state court, any question regarding waiver of service as to Johnson & Johnson should be resolved by the state court.

Louisiana, for consideration of Plaintiff's state law claims against Ethicon and Johnson & Johnson,[41] unless Ethicon can show another basis for the exercise of federal jurisdiction.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion to Dismiss,[42] filed on behalf of Raman Singh, Preety Singh and Jonathan Roundtree be **GRANTED** and that Plaintiff's claims against these defendants be **DISMISSED WITHOUT PREJUDICE** for failure of Plaintiff to timely effect service pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Leave to Amend[43] be **GRANTED** terminating as defendants James LeBlanc, Timothy Hooper, Louisiana Health Care Systems, and the United States Federal Drug Administration.

**IT IS FURTHER RECOMMENDED** that, if the above recommendations are adopted, Plaintiff's remaining claims against Ethicon, Inc. and Johnson & Johnson be remanded to the 18th Judicial District Court, Parish of Iberville, State of Louisiana, as this Court will have dismissed all claims over which it had original jurisdiction pursuant to 28 U.S.C. § 1331, unless Ethicon can show another basis for the exercise of federal jurisdiction.

Signed in Baton Rouge, Louisiana, on March 31, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[41] *See Pegues v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll., LSU Sch. of Dentistry & Faculty Dental Practice*, No. 18-2407, 2019 WL 1544366, at *11 (E.D. La. April 9, 2019) (remanding remaining state law claims after dismissing federal claims)
[42] R. Doc. 86.
[43] R. Doc. 80.

8