UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**TONY CORMIER (#278001)**                                                                 **CIVIL ACTION**

**VERSUS**

**RAMAN SINGH, ET AL.**                                                           **NO.: 17-1103-BAJ-EWD**

## RULING AND ORDER

Before the Court is the United States Magistrate Judge's **Report and Recommendation (Doc. 92)** entered pursuant to 28 U.S.C. § 636(b)(1). The Report and Recommendation addresses Defendants' **Motion to Dismiss (Doc. 86)**, which Plaintiff opposed. *See* (Doc. 91). In the Report and Recommendation, the Magistrate Judge recommended that the Motion to Dismiss be granted for failure to timely effect service. (Doc. 92, at p. 2). Further, the Magistrate Judge recommended amending Plaintiff's claims, as indicated in his Response to the Order to Show Cause (Doc. 80), effectively dismissing Defendants Louisiana Health Care systems, Secretary James LeBlanc, Warden Timothy Hooper, and the United States Food and Drug Administration.[1] Lastly, because dismissing the claims and Defendants as indicated above would eliminate the federal question subject matter jurisdiction pursuant to which this action was removed from the 18th Judicial District Court, the Magistrate Judge recommended that this matter be remanded to state court. (*Id*. at p. 7).

---

[1] The Court construes Plaintiff's Response (Doc. 80) as a Motion to Amend, and rules accordingly.

1

The Report and Recommendation notified the parties that, pursuant to 28 U.S.C. § 636(b)(1), they had fourteen days from the date they received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein.

Defendant Ethicon filed a timely objection to the Report as well as a response. *See* (Doc. 93; Doc. 100). The Magistrate Judge recommended remanding this matter to the 18th Judicial District Court "unless Ethicon can show another basis for the exercise of federal jurisdiction." (Doc. 92, at p. 9). Accordingly, Ethicon argued that diversity jurisdiction under 28 U.S.C. § 1332 is appropriate, as Plaintiff is a Louisiana resident, while Ethicon is a citizen of New Jersey, and the damages sought well exceed the statutory minimum of $75,000. (Doc. 93 at p. 5–6). The Court agrees with Defendants' assessment and finds it in the best interests of judicial economy to maintain diversity jurisdiction over this action, which has been pending before the Court for nearly three years.

Additionally, Ethicon argues that, like the Defendants discussed in the Motion to Dismiss (Doc. 86), Defendant Johnson & Johnson has neither waived service nor been properly served. It argues that the Waiver of Service (Doc. 1–2), while addressed to Ethicon and Johnson & Johnson, was signed two months before Johnson & Johnson was added as a party in the Amended Complaint (Doc. 7). (Doc. 100, at p. 2). Under Federal Rule of Civil Procedure 4(d)(1), waiver requires notice to a defendant, which Johnson & Johnson was not at the time of the alleged waiver. The Court agrees. Johnson & Johnson was not a defendant prior to being added in the Amended

Complaint, and at no point in well over two years since that time has Plaintiff perfected service upon Johnson & Johnson. As such, the Court finds that Johnson & Johnson should likewise be dismissed for failure to perfect service.

Having carefully considered the underlying Complaint, the instant motion, and related filings, the Court approves the Magistrate Judge's Report and Recommendation and hereby adopts its findings of fact, conclusions of law, and recommendation in part.

**IT IS ORDERED** that the **Magistrate Judge's Report and Recommendation (Doc. 92)** is **ADOPTED IN PART** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 86)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Raman Singh, Preety Singh, and Jonathan Roundtree, and Johnson & Johnson are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion for Leave to Amend (Doc. 80)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants James LeBlanc, Timothy Hooper, Louisiana Health Care Systems, and the United States Federal Drug Administration are **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 13th day of July, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**